# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. ) ID# 0802006217,
) 1710004763
ARION BAYNARD, )
)
Defendant. )

Date Submitted: September 26, 2019
Date Decided: December 5, 2019

## ORDER

Upon consideration of Defendant's *Pro Se* Motion for Postconviction Relief[1]

and Motion for Appointment of Counsel;[2] Superior Court Criminal Rule 61; the

facts, arguments, and legal authorities set forth in Defendant's Motion; statutory and

decisional law; and the record in this case, **IT APPEARS THAT**:

1. On June 4, 2018, Arion Baynard ("Defendant") pled guilty to Burglary

Second Degree and Strangulation.[3] By Order dated November 20, 2018, effective

October 8, 2017, Defendant was sentenced as follows: for Burglary Second Degree,

8 years at Level V, suspended after 7 years 6 months for 12 months at supervision

---

[1] ID No. 0802006217, D.I. 52; ID No. 1710004763, D.I. 38.
[2] ID No. 0802006217, D.I. 53; ID No. 1710004763, D.I. 39.
[3] ID. No. 1710004763, D.I. 19. As part of the plea agreement, Defendant also agreed to resolve his pending violation of probation for Case ID No. 082006217.

Level III;[4] for Strangulation, 5 years at Level V.[5] Defendant did not file a direct appeal.

2. On September 26, 2019, Defendant filed this timely Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61 Motion").[6] Defendant also filed a Motion for Appointment of Counsel.[7]

3. Defendant is challenging the sentencing Order, claiming he was denied the right to effective counsel in that his plea was not knowing, intelligent, and voluntary, and the State breached the plea agreement thereby violating Defendant's Due Process rights.[8]

4. Before addressing the merits of any claim for postconviction relief, the Court must first determine whether any of the procedural bars under Rule 61 are applicable.[9] Under Rule 61(i), a Rule 61 Motion can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.

5. Rule 61(i)(1) provides that a motion for postconviction relief is untimely if it is filed more than one year after a final judgment of conviction. This procedural bar is inapplicable as Defendant's Rule 61 Motion is timely. Under Rule 61(i)(2),

---

[4] The first 12 months of this sentence is a mandatory term of incarceration pursuant to 11 Del. C. § 825.
[5] ID No. 0802006217, D.I. 48; ID No. 1710004763, D.I. 29.
[6] ID No. 0802006217, D.I. 52; ID No. 1710004763, D.I. 38.
[7] ID No. 0802006217, D.I. 53; ID No. 1710004763, D.I. 39.
[8] ID No. 0802006217, D.I. 52; ID No. 1710004763, D.I. 38.
[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

successive motions are prohibited unless the pleading requirements of 61(d)(2)(i) or (ii) are met. This procedural bar is inapplicable as this Defendant's first Rule 61 motion. Rule 61(i)(3) provides that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the defendant can establish cause for relief from the procedural default and prejudice from a violation of his rights. Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case. As to Defendant's claim of ineffective assistance of counsel, Rules 61(i)(3) and 61(i)(4) are inapplicable because Defendant could not have raised it in the proceedings leading to the judgment of conviction or on direct appeal.[10] As to Defendant's claim of prosecutorial misconduct, however, Rule 61(i)(3) bars this claim because Defendant has not demonstrated cause for his failure to raise the claim nor prejudice from the alleged violation of his rights. Consequently, the Court will only address Defendant's claim of ineffective assistance of counsel on the merits.

6. The standard used to evaluate claims of ineffective assistance of counsel is the two-prong test set forth in *Strickland v. Washington*[11] by the United States Supreme Court, which has been adopted in Delaware.[12] To prevail on a claim of

---

[10] *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[11] 466 U.S. 668 (2014).
[12] *Albury v. State*, 551 A.2d 53 (Del. 1988).

3

ineffective assistance of counsel after entry of a guilty plea, a defendant must demonstrate that: (1) counsel's conduct fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial, resulting in his acquittal.[13] Failure to prove either prong will render the claim insufficient.[14] "Conclusory and unsupported claims of prejudice are insufficient to establish ineffective assistance; a defendant must make and substantiate concrete claims of actual prejudice."[15]

7. To satisfy the first prong, Defendant must overcome the strong presumption that counsel's conduct was professionally reasonable[16] and assert specific allegations establishing that counsel acted unreasonably as viewed against "prevailing professional norms."[17]

8. Defendant contends that he received ineffective assistance of counsel in connection with his guilty plea.[18] Specifically, Defendant argues that the Plea Agreement included the Truth in Sentencing ("TIS") guidelines—not a recommendation of a specific sentence by the State— and therefore, defense counsel prejudiced Defendant by failing to withdraw the plea when the State recommended

---

[13] *Ashley v. State*, 77 A.3d 271 (Del. 2013) (quotations omitted).
[14] *Strickland*, 466 U.S. at 687.
[15] *Sartin v. State*, 103 A.3d 515 (Del. 2014).
[16] *Strickland*, 466 U.S. at 687–88.
[17] *Id.* at 688.
[18] ID No. 0802006217, D.I. 52; ID No. 1710004763, D.I. 38.

4

a specific sentence in excess of the TIS guidelines to the Court.[19] Defendant argues the State and defense counsel led him to believe the TIS guidelines would be followed and defense counsel is "liable for defendant unknowingly and unintelligently accepting [the] plea."[20]

9. The Court imposed Defendant's sentence pursuant to a plea agreement between the State and Defendant. Pursuant to Superior Court Criminal Rule 11(c), the Court addressed Defendant personally in open court prior to Defendant's sentencing. The Court determined that Defendant understood the nature of the charges to which the plea was offered, including the mandatory minimum and maximum penalties provided by law. Defendant signed a Truth-in-Sentencing Guilty Plea Form which confirmed that Defendant's plea was voluntary, and not the result of force, threats, or promises apart from the plea agreement, and Defendant was not promised what his sentence would be. In addition, Defendant acknowledged and confirmed that he discussed his case fully with defense counsel and was satisfied with defense counsel's representation. The Court accepted Defendant's guilty plea as knowing, intelligent, and voluntary.

10. It is well-settled that in absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and

---

[19] *Id.*
[20] *Id.*

his representations on the Truth-in-Sentencing Guilty Plea Form.[21] When a defendant enters a guilty plea knowing and voluntarily, he waives any objection to alleged errors and defects that occur before entry of the plea.[22]

11. Defendant's assertions regarding his plea are conclusory and refuted by the record. The TIS guidelines are voluntary and non-binding,[23] and the record does not reflect that the State breached any promise with respect to Defendant's sentence.[24] Moreover, at his plea colloquy, Defendant represented to the Court that he understood the minimum and maximum sentences he was facing. In addition, there is no evidence in the record that Defendant's counsel actions, or lack thereof, demonstrate ineffective assistance of counsel under *Strickland*.[25] Therefore, Defendant's claim of ineffective assistance of counsel is meritless.

12. Pursuant to Superior Court Criminal Rule 61(e)(2), the Court has discretion to appoint counsel for a first timely postconviction motion in a guilty plea case.[26] The success of Defendant's Motion rested on his ability to set forth a

---

[21] *Colburn v. State*, 128 A.3d 1172, 2016 WL 5845778, at *2 (Del. 2016) (TABLE).
[22] *Muldrow v. State*, 146 A.3d 358, 2016 WL 4446610, at *2 (Del. 2016) (TABLE).
[23] *Timmons v. State*, 832 A.2d 1252, 2003 WL 22214029, at *1 (Del. 2003) (TABLE).
[24] *See* ID. No. 1710004763, D.I. 19. The plea agreement indicated it would be an open sentencing.
[25] *See* ID No. 1710004763, D.I. 34. In response to the State's sentence recommendation, defense counsel urged the Court to consider mitigating factors, such as Defendant's remorse and acceptance of responsibility for his actions, when ordering Defendant's sentence.
[26] Super. Ct. Crim. R. 61(e)(2) states:
> (2) The judge may appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable;

substantial claim that he received ineffective assistance of counsel when in relation to his guilty plea. For the reasons stated above, the Court does not find that Defendant's Rule 61 Motion raises a substantial claim that Defendant received ineffective assistance of counsel in relation to his guilty plea, nor that specific exceptional circumstances warrant appointment of counsel.[27]

**NOW THEREFORE**, Defendant's Motion for Appointment of Counsel and *Pro Se* Motion for Postconviction Relief are **DENIED**.

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

Original to Prothonotary
Cc: Arion Baynard (SBI# 562275)
Eugene J. Maurer, Esq.
Anna E. Currier, Esq.

---

(ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.

[27] *See id.*

7